# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

|  |  |
|---|---|
| **JOEL GALLARDO,** *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> **FCA US, LLC,** *et al.* <br><br> Defendant. | Case No.: EDCV 20-00601-CJC (SPx) <br><br> **ORDER *SUA SPONTE* REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT** |

## I. INTRODUCTION & BACKGROUND

On January 14, 2020, Plaintiffs Joel and Sarah Gallardo filed an action in San Bernardino County Superior Court against Defendants FCA US, LLC ("FCA") and DCH Chrysler Jeep Dodge of Temecula ("DCH"). (Dkt. 1-3 [Complaint, hereinafter "Compl."].) In general, Plaintiffs allege that they purchased a 2017 Chrysler Pacifica containing a defective transmission. (*Id.* ¶ 8.) FCA manufactured the vehicle, but on at

-1-

least one occasion, Plaintiffs brought it to Defendant DCH for repair. (*Id.* ¶ 59.) Based on the alleged defects in their vehicle, Plaintiffs assert six state law causes of action against FCA for (1) violation of California Civil Code § 1793.2(d), (2) violation of California Civil Code § 1793.2(b), (3) violation of California Civil Code § 1793.2(a)(3), (4) breach of express written warranty, (5) breach of the implied warranty of merchantability, and (6) fraud by omission. (*Id.* ¶¶ 26–57.) They also assert one state law claim against DCH for negligent repair. (*Id.* ¶¶ 58–62.)

For the purposes of diversity jurisdiction, both Plaintiffs are California citizens. (*Id.* ¶ 3.) FCA is a Delaware Corporation with its principal place of business in Michigan. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] ¶ 28.) DCH is a California entity.[1] (*Id.* ¶ 30.) On March 25, 2020, FCA removed the action to this Court, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has

---

[1] Neither the Complaint nor the Notice of Removal offer information as to what specific kind of legal entity DCH is.

subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

## III. ANALYSIS

In its Notice of Removal, FCA contends that DCH was fraudulently joined and cannot be used to destroy complete diversity. The Court disagrees.

When a sufficient showing of fraudulent joinder is made, a court will not consider the citizenship of the fraudulently joined party when determining whether there is complete diversity in a case. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id*. (internal quotations omitted). Defendants can establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

FCA has not shown that DCH "cannot be liable on any theory" as to Plaintiffs' negligent repair claim. *See Ritchey*, 139 F.3d at 1318. Accordingly, it has not met its burden of establishing fraudulent joinder. Plaintiffs bring one cause of action against DCH for negligent repair. "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970). In support of their negligent repair claim, Plaintiffs allege that they took their vehicle to DCH on at least one occasion. (Compl. ¶ 59.) They further allege that DCH owed them a duty to use ordinary care and skill in the storage, preparation, and repair of their vehicle and that DCH breached this duty by failing to properly store, prepare, and repair the vehicle. (*Id.* ¶¶ 60–61.) They allege this breach was a proximate cause of their damages. (*Id.* ¶ 62.)

FCA's Notice of Removal is primarily devoted to establishing the amount in controversy and provides little explanation as to why the Court should find that DCH has been fraudulently joined. It asserts only that Plaintiff does not pled sufficiently detailed facts and that "FCA's counsel's vast litigation experience in opposing these types of cases has been that individual dealerships have not been regularly sued." (NOR ¶ 32.) These conclusory assertions do not come close to meeting FCA's heavy burden of establishing fraudulent joinder. Even though, as pled, the facts underlying Plaintiffs' negligent repair claim are not highly detailed, this potential deficiency could easily be cured by granting Plaintiff leave to amend. *See Grancare*, 889 F.3d at 549 (explaining that before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend"). And FCA's counsel's experience litigating other cases says nothing of Plaintiffs' ability to state a cognizable negligent repair claim in this case. Finally, the Notice of Removal fails to address the growing body of case law recognizing that local dealerships can be liable to plaintiffs who assert negligent repair claims. *See, e.g.*, *Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a

plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *see also Tasch v. Ford Motor Co.*, 2018 WL 3956493, at *1 (finding defendants did not show plaintiff's negligent repair claim was impossible as a matter of California law) (C.D. Cal. Aug. 16, 2018); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016) (same). In light of this, the Court is not persuaded that FCA has met its burden of showing that DCH was fraudulently joined. This action must be remanded for lack of subject matter jurisdiction.

**IV. CONCLUSION**

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Because FCA has failed to carry its burden to establish the elements of diversity jurisdiction, the Court *sua sponte* **REMANDS** this action to San Bernardino County Superior Court.

DATED: April 3, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE